■ In the Matter of THERESA M. WINTERS, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Inasmuch as petitioner's administrative appeal from respondent's decision to suspend her operator's license has not yet been determined, she may not maintain this CPLR article 78 proceeding challenging that decision (see Vehicle and Traffic Law, §§ 261, 263; CPLR 7801, subd 1; *Matter of Giambra v Commissioner of Motor Vehicles,* 46 NY2d 743). (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, O'Donnell, J.) Present — Hancock, Jr., J. P., Denman, Boomer and Green, JJ.

■ MICHAEL E. HAYES, Respondent, v MARK RICCARDI, Appellant. — Order unanimously affirmed, with costs. Memorandum: The doctor's report annexed to plaintiff's affidavit in opposition to the motion for summary judgment is of no probative value on the issue of serious physical injury. Although the doctor, in the language of the statute, stated that his examination "shows a significant limitation of usage [of plaintiff's] neck and back muscles and also the cervical spine," he did not describe the examination and, particularly, he did not state "the *extent* of the limitation of movement" (see *Licari v Elliott,* 57 NY2d 230, 239). Nevertheless, defendant's motion for summary judgment dismissing the complaint was properly denied. A defendant moving for summary judgment must first present evidence establishing that the plaintiff has no cause of action before the plaintiff is called upon to present evidence raising a question of fact (see *Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084). Here, the evidence submitted by defendant, consisting of the medical reports of plaintiff's attending physician and of defendant's physician, does not rule out the fact that plaintiff may have suffered a "significant limitation of use of a body function or system" (Insurance Law, § 671, subd 4). The report of the first examination conducted four days after the accident states that the "range of motion of the cervical spine was limited to 40% of normal." There is no showing of the duration of this limitation, except that 15 months later the range of motion in the cervical spine was normal. Only after all the facts are developed upon the trial, including the duration of the limitation and the effect it had upon the plaintiff, can it be determined, either as a matter of law or as a question of fact, whether the plaintiff suffered a significant limitation of use within the meaning of the No-Fault Law (Insurance Law, art XVIII). (Appeal from order of Supreme Court, Onondaga County, Miller, J. — summary judgment.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.