■ M. Deborah Mulhauser, Appellant, v Lynn R. Wood et al., Respondents. (Appeal No. 1.) — Appeal unanimously dismissed, without costs, as moot (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.

■ M. Deborah Mulhauser, Appellant, v Lynn R. Wood et al., Respondents. (Appeal No. 2.) — Order unanimously reversed, on the law, with costs, and motion denied. Memorandum: Defendants' motion for summary judgment, grounded on their claim that plaintiff did not sustain a "serious injury" as defined in subdivision (d) of section 5102 of the Insurance Law (formerly § 671, subd 4), was based solely on the hospital records and medical reports of plaintiff's physicians, including a report of Dr. C. Perry Cooke, III, dated July 11, 1983. Special Term, after noting in a written decision accompanying its order following reargument that in the absence of medical evidence to bolster plaintiff's subjective complaints of pain it had initially dismissed the complaint for failure to make out a prima facie case of serious injury, granted the summary judgment motion because plaintiff failed "to demonstrate an issue of fact as to the degree or existence of loss or limitation of use". We reverse.

While plaintiff at trial has the burden of establishing a prima facie case of "serious injury" (*Licari v Elliott,* 57 NY2d 230), the defendants on the summary judgment motion have the burden to make an evidentiary showing that plaintiff has not sustained a serious injury as a matter of law, and it is only after defendants have met their burden that plaintiff must go forward and submit evidence to raise a question of fact (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *Savage v Delacruz,* 100 AD2d 707; *Hayes v Riccardi,* 97 AD2d 954). Here, it could be inferred from the medical reports that plaintiff's complaints of pain in her right knee and right ankle are related to the findings of posttraumatic chondromalacia of the right knee and possible saphenous nerve entrapment at the right ankle, for which there is no appropriate medical or surgical treatment and the condition "occasionally * * * is permanent". In view of these reports, the nature, extent and effect of plaintiff's injuries may not be determined without further medical explanation. Defendants have not established that plaintiff did not sustain a serious injury as a matter of law and the matter must be permitted to proceed to trial. After plaintiff has submitted her trial evidence, the Trial Judge will be required to determine whether she has proven a prima facie case. If plaintiff fails to establish serious

injury at trial, a motion will lie to dismiss the complaint during or at the conclusion of the trial (*Waldron v Wild,* 96 AD2d 190, 194; see, also, *Hayes v Riccardi, supra*). It cannot be said that as a matter of law on this record that plaintiff did not suffer a "serious injury". (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — reargument.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.