■ ROBERT COLE TRUCKING COMPANY et al., Respondents, v OLD REPUBLIC COMPANY, Appellant. — Judgment unanimously reversed, with costs, and motion denied. Memorandum: While being used in hauling a load of coal for the McKean Coal Company, a vehicle, owned by Robert L. Giboo, leased to Robert Cole Trucking Company, a common carrier and operated by Edward C. Perkins, all plaintiffs in this action, was involved in an accident which resulted in a judgment, part of which defendant, as McKean's insurer, paid under the excess insurance provisions of its policy. McKean thereafter sued plaintiffs for indemnification. In this declaratory judgment action, defendant appeals from the granting of summary judgment to plaintiffs which directs defendant to provide a defense and indemnify plaintiffs in the underlying action commenced by McKean. The issue is whether defendant's liability policy provided coverage to plaintiffs as the operators of a "hired automobile" carrying coal for McKean.

Under the policy definitions a hired automobile is one "which is used under contract in behalf of * * * the named insured". While there is proof here that McKean hired Cole to transport coal, the record does not show that it possessed, managed or controlled the vehicle in question (see *Giroud v New Jersey Mfrs. Cas. Ins. Co.,* 106 NJL 238) or that the vehicle was "used under contract in behalf of * * * the named insured". Moreover, under the policy definition of persons insured "the owner or lessee (of whom the named insured is a sublessee) of a hired automobile * * * or any agent or employee of any such owner or lessee" is not an insured. Thus, if the proof develops to show that McKean is a sublessee of Cole, the lessee of the vehicle, neither Cole, Giboo or Perkins can claim an "insured" status. On this summary judgment motion plaintiffs have the burden to make an evidentiary showing that defendant must provide a defense and indemnify plaintiffs and it is only after plaintiffs have met their burden that defendant, in order to defeat the motion, must go forward and submit evidence to raise a question of fact (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Furs Mfrs.,* 46 NY2d 1065, 1067-1068; *Mulhauser v Wood* [appeal No. 2], 107 AD2d 1019). Special Term misconceived the law when it rejected as conclusory and not supported by evidence defendant's claim that an issue of fact existed as to whether there was a hiring within the meaning of the policy since plaintiffs failed to establish a prima facie case that they were entitled to judgment. It cannot be said on this record as a matter of law that plaintiffs are insureds and entitled to summary judgment declaring their rights under the policy. (Appeal from judgment of Supreme Court, Erie County, Gossel, J. — declaratory judgment.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.