■ ANNA SCOLLO et al., Appellants, v RICHARD MARTIN et al., Respondents and Third-Party Plaintiffs-Respondents. THERESE SCAFIDI, Third-Party Defendant-Respondent.—Order affirmed, without costs. Memorandum: In this negligence action in which plaintiff seeks to recover damages for personal injuries suffered in an automobile accident, defendants moved for summary judgment dismissing the complaint alleging that plaintiff has failed to meet the threshold requirement of having sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). For reasons which follow, we conclude that summary judgment was properly granted.

Plaintiff was injured on May 10, 1979. According to the report of Dr. Naumann, whom she consulted at that time, she sustained a lump on her forehead, a sore shoulder and ribs, a headache with some blurred vision, occasional nausea and modest difficulty with recent memory. Reports of two visits in June 1979 indicate that she continued to have headaches, lightheadedness and pain in her right arm, but that X rays and a CAT scan were negative. The doctor prescribed relaxants for possible muscle spasm and did not schedule a return visit. In November 1982, subsequent to the commencement of this action, plaintiff went to Dr. Adornato and complained that she had been having headaches and repetitive episodes of pain in her neck over the past three years. He conducted numerous tests including skull and cervical spine X rays, brain scan and bone scan, all of which were normal. Additionally, he found normal tendon reflexes, no motor or sensory deficits and no other objective symptoms. Diagnosing her condition as "chronic cervical strain", he gave her something to relieve pain, and she did not return for further treatment. In September 1983, plaintiff returned to Dr. Naumann with continuing complaints of the same nature. His report states that she had limitation of neck and shoulder motion which he concluded were voluntary and that, in his opinion, plaintiff's complaints were "put on". Relying on the reports of plaintiff's doctors, defendants moved for summary judgment dismissing the complaint for failure to meet the threshold requirements of the No-Fault Law (Insurance Law art 51).

In opposition plaintiff offered her own affidavit in which she states that she still experiences pain and headaches which prevent her from doing her housework. Plaintiff contends that she has suffered significant limitation of use of a body function or system and a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities for at least 90 days following the accident (Insurance Law § 5102 [d]). She contends further that she should be permitted to testify before a court or jury who can determine whether her allegations of injury are credible. That argument, however, is defeated by the pronouncement of *Licari v Elliott* (57 NY2d 230, 237), in which the court stated that the issue of whether a plaintiff has a cause of action within the meaning of the statute is "one for the court, in the first instance where it is properly raised, to determine whether the plaintiff has established a prima facie case of sustaining serious injury". The plaintiff in

*Licari* alleged that he suffered a significant limitation of use of a body function or system but the court found that the evidence established only that he had suffered a painful sprain which limited the movement of his neck and back, together with bruises and a concussion and that the Legislature did not intend for such injuries to constitute significant limitation of use of a body function or system. Similarly, in *Nolan v Ford* (100 AD2d 579, *affd* 64 NY2d 681), plaintiffs received injuries to the head, neck and back, were given surgical collars, continued to suffer back pain and stated that they were unable to perform household chores for a few weeks. The court found that plaintiffs had failed to meet their burden and granted defendant summary judgment dismissing the complaint. The same result should obtain here. Plaintiff's own doctors indicated that plaintiff suffered at most "chronic cervical strain" in 1982 but had an excellent prognosis and was not likely to have "any permanent neurological sequelae." The most recent diagnosis indicated that plaintiff's doctor was of the opinion that her limitations of movement were voluntary and her symptoms "put on". We find that plaintiff failed to prove that she sustained a "serious injury" and consequently that defendants were entitled to summary judgment dismissing the complaint.

All concur, except Dillon, P. J., and Doerr, J., who dissent and vote to reverse in the following memorandum.

Dillon, P. J., and Doerr, J. (dissenting). We respectfully disagree. In our view documents submitted by defendant do not establish, as a matter of law, that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The medical reports submitted by defendant indicate that plaintiff suffered from thoracic outlet syndrome and/or chronic cervical strain. The medical reports also note that plaintiff reported to the examining doctors repetitive episodes of pain in the neck and head, pain and weakness in the right arm, and numbness in the right hand. Although one physician opined that these symptoms were "put on", the report containing this opinion does state that plaintiff does have "limitation of neck motion" and "limitation of shoulder motion". Whether plaintiff's condition is voluntary, as the doctor believes, or whether this condition is a result of a medical condition cannot be ascertained from the papers submitted by defendant. Accordingly, "further medical explanation" is necessary to resolve the disputed question of fact, and summary judgment was improperly granted (*Mulhauser v Wood,* 107 AD2d 1019; *Hayes v Riccardi,* 97 AD2d 954). (Appeal from

order of Supreme Court, Onondaga County, Balio, J.—negligence.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.