■ ANNA SOLE, Appellant, v RONALD KURNIK et al., Respondents.—Order unanimously reversed, on the law, with costs, and motions denied. Memorandum: Defendants' motions for summary judgment, based upon their claim that plaintiff did not sustain a "serious injury" as defined in Insurance Law § 5102 (d), were supported by attorney's affidavits, the pleadings, the verified bill of particulars, an unsworn report from plaintiff's physician and the transcript of plaintiff's examination before trial. It is well settled that while plaintiff has the burden of establishing a prima facie case of "serious injury" at trial *(Licari v Elliott,* 57 NY2d 230), the defendants on a

summary judgment motion must first present evidence establishing that plaintiff has not sustained a "serious injury" as a matter of law, and only after that burden has been met must plaintiff go forward and submit evidence to raise a question of fact *(Zuckerman v City of New York,* 49 NY2d 557; *Mulhauser v Wood,* 107 AD2d 1019, *appeal dismissed* 65 NY2d 637). Here, the documents submitted by defendants are inadequate to meet their initial burden, and summary judgment should not have been granted *(see, Savage v Delacruz,* 100 AD2d 707; *La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664).

On October 25, 1980, the automobile in which plaintiff was a passenger was twice struck in the rear end. She alleges that she suffered an acute cervical sprain which she contends is a "serious injury" within the following language of Insurance Law § 5102 (d): "a medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Following the accident, plaintiff required medical treatment, and a cervical collar and medication were prescribed for her. She states that she was unable to resume her usual daily activities, both as a housewife and mother and at her part-time accountant position, due to pain and nausea, until sometime in mid-February 1981. She contends that she returned to her part-time employment six weeks after the accident because of economic necessity, but she was unable to perform her usual daily tasks at work and in January 1981 she "just barely made it to work, to go to work, come home, put the brace on, lay down, and that was about it." Given these facts, the case is distinguishable from those cited by defendants in support of their argument that plaintiff's return to work demonstrated her ability to perform her usual activities within the 90 days following the accident *(cf. De Filippo v White,* 101 AD2d 801; *Daviero v Johnson,* 88 AD2d 732). We recognize that in the statutory "serious injury" definition, "the words 'substantially all' should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment" *(Licari v Elliott,* 57 NY2d 230, 236, *supra).* Applying that rule, plaintiff has at least raised a factual question sufficient to proceed to trial as to her inability to perform substantially all of the acts constituting her usual and custom-

ary daily activities during the relevant period. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Pine, JJ.