■ JOSEPH M. AMODEO, Respondent, v CLAYTON L. PITCHER et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered March 4, 1986 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

In March 1983, plaintiff commenced this personal injury action for damages allegedly sustained as a result of an automobile accident. Defendants subsequently moved for summary judgment on the ground that plaintiff had not suffered a "serious injury" *(see,* Insurance Law § 5102 [d]; § 5104 [a]). The motion was denied and this appeal ensued.

The proponent of a summary judgment motion has the burden of establishing by competent evidence that he is entitled to judgment as a matter of law *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Mulhauser v Wood,* 107 AD2d 1019, *appeal dismissed* 65 NY2d 637). Here, in support of their motion for summary judgment, defendants submitted unsworn medical reports from a chiropractor who treated plaintiff and from a medical doctor retained by defendants to examine

plaintiff. It is well established that unsworn medical reports are inadequate to support a motion for summary judgment (*Proper v Saunders,* 102 AD2d 907; *Savage v Delacruz,* 100 AD2d 707; *La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664). Hence, the medical reports submitted by defendants are insufficient to establish that they are entitled to summary judgment.

Defendants, relying on *Dwyer v Tracey* (105 AD2d 476), claim that the examination before trial of plaintiff and a chiropractor's affirmation submitted by plaintiff provide a sufficient basis to support their motion for summary judgment. We cannot agree. Upon consideration of plaintiff's testimony at the examination before trial, we do not find sufficient evidence therein to entitle defendants to judgment as a matter of law. Further, the affirmation of Frank Maniscalco, a doctor of chiropractic who has provided a continuous course of treatment to plaintiff since shortly after the accident, fails to support defendants' position. Maniscalco stated that, among other things, plaintiff was suffering from a chronic recurrent strain with accompanying irritation of the cervical soft tissue, spasms and pain. An examination of plaintiff done by Maniscalco shortly before defendants' motion revealed plaintiff had "limitation of range of motion in the cervical region consisting of a limitation of 15° of flexion, 15° of extension, 10° right lateral flexion, 32° left lateral flexion, 30° right rotation and 35° left rotation". Maniscalco stated that a further course of treatment was necessary. Under these circumstances, we conclude that Special Term properly denied defendants' motion for summary judgment (*see, Lopez v Senatore,* 65 NY2d 1017).

Finally, we note that while the burden is on defendants when making a motion for summary judgment, at trial, plaintiff will carry the burden of establishing "serious injury" (*see, Licari v Eliott,* 57 NY2d 230; *Mulhauser v Wood, supra*). If he fails to meet that burden, defendants can then move to dismiss the complaint (*see,* CPLR 4401; *Savage v Delacruz, supra,* p 708).

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.