■ CURTIS N. POLLARD, Appellant, v JOHN L. BROWN et al., Respondents.—Kane J. Appeal from an order of the Supreme Court (Lee, Jr., J.), entered April 30, 1986 in Chenango County, which granted defendants' motion for summary judgment dismissing the complaint.

On March 11, 1985, plaintiff was driving his car in a southerly direction on Route 12 in the Town of Greene, Chenango County, when a car owned by defendant Beverly A. Brown and operated by defendant John L. Brown struck the rear of plaintiff's car. As a result of the collision, plaintiff received several injuries including lumbosacral strain acute, muscle strain acute and/or ligamentous strain, and contusions of the chest. Plaintiff was hospitalized from March 14, 1985 until March 18, 1985 and was unable to return to work until

April 30, 1985. On April 30, 1985, plaintiff returned to work on a full-time basis; however, he was unable to return to his former job at that time because it required physical activity including lifting objects up to 60 pounds in weight. Instead, plaintiff was given a desk job and he was allowed to keep his job title and his same pay rate. Around June 10, 1985, plaintiff returned to his former job; however, he still was unable to lift heavy objects.

In due course, plaintiff commenced the instant negligence action against defendants. Plaintiff alleged that he received a "serious injury" *(see,* Insurance Law § 5102 [d]) since he sustained an injury that resulted in a significant limitation of use of a body function or system and/or that he received a nonpermanent injury which prevented him from performing substantially all of the material acts which were his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the accident.

Subsequently, defendants moved for summary judgment alleging that plaintiff's injuries were not permanent and that plaintiff was not prevented from performing substantially all of his normal activities for 90 days. Supreme Court granted the motion and this appeal ensued.

We reverse. Although "at trial [plaintiff] has the burden of establishing a prima facie case of 'serious injury' " *(Mulhauser v Wood,* 107 AD2d 1019, *appeals dismissed* 65 NY2d 637; *see, Licari v Elliott,* 57 NY2d 230, 237-240), on a motion such as this, for summary judgment, defendants have "the burden to make an evidentiary showing that plaintiff has not sustained a serious injury as a matter of law" *(Mulhauser v Wood, supra,* at 1019; *see also, La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664, 665). A review of the record reveals that defendants have failed to meet their burden. First, we are unable to consider the *unsworn* medical statements submitted by defendants *(see, Savage v Delacruz,* 100 AD2d 707, 708; *La Frenire v Capital Dist. Transp. Auth., supra).* Further, a review of defendants' attorney's affidavits and the other documents submitted in support of the motion fails to adequately substantiate defendants' allegations that plaintiff did not sustain a serious injury. Consequently, plaintiff had no obligation to go forward and submit evidence to raise a question of fact *(see, Mulhauser v Wood, supra),* and the summary judgment motion should have been denied. Despite the fact that on the present record defendants have not demonstrated their entitlement to summary judgment, the

fact remains that if, at trial, plaintiff fails to prove a serious injury, a motion will lie to dismiss the complaint *(supra).*

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.