■ LaWanda Lawyer, an Infant, by Bernice M. Norwood, her Mother and Natural Guardian, et al., Respondents, v Albany OK Cab Company, Inc., et al., Appellants, and Abe Saltzman et al., Respondents.—Kane, J. Appeal from that part of an order of the Supreme Court (McDermott, J.), entered November 27, 1987 in Albany County, which denied a motion by defendants Albany OK Cab Company, Inc. and Colonie OK Taxi for summary judgment dismissing the complaint against them.

On August 25, 1983, plaintiffs LaWanda Lawyer and Patricia Redding were passengers in a taxicab when it collided with another vehicle driven by defendant Barbara De Angelo. In May 1985, plaintiffs commenced an action against, among others, De Angelo and defendant Colonie OK Taxi for personal injuries allegedly sustained as a result of the accident. Thereafter, in July 1985, plaintiffs commenced a nearly identical action against defendant Albany OK Cab Company, Inc. The actions have since been consolidated by Supreme Court.

Answers and a demand for a bill of particulars, together with a demand for medical information and authorization, were served on behalf of Colonie OK on May 21, 1985. After the entry of a 30-day conditional order of preclusion for failure to comply with the demands, plaintiffs served the bill of particulars and other items requested, but did not supply the medical records. However, in lieu thereof, plaintiffs did supply written and acknowledged authorizations for hospital and doctors' records concerning plaintiffs' physical condition or any treatment rendered.

Albany OK and Colonie OK (hereinafter collectively referred to as defendants) thereupon made a motion for summary judgment dismissing the complaint against them, contending that plaintiffs failed to sufficiently comply with the order of preclusion, that plaintiffs had failed to show they suffered a serious injury under Insurance Law § 5102, that the taxicab involved in the accident was never owned by defendants and that William Lavigne, Jr., its driver, had never been associated with them. The motion was denied and this appeal ensued.

As to the first ground asserted by defendants in their motion, they argue that plaintiffs' failure to furnish the requested medical records precludes plaintiffs from presenting such evidence to support their claims and that this failure to comply entitles defendants to summary judgment. Plaintiffs, however, argue that under the discovery provisions of CPLR 3120, they were obligated to furnish defendants with only those items in their possession and at the time of complying with defendants' discovery demands, plaintiffs had not yet obtained any medical reports or hospital records.

In our view, summary judgment was properly denied. The discovery provisions of CPLR 3120 and 3121 pertain only to data already in existence *(see, Frasier v Conklin,* 105 AD2d 1018; *Feretich v Parsons Hosp.,* 88 AD2d 903). Additionally, defendants made no showing that plaintiffs' failure to fully comply with the preclusion order was willful or deliberate *(see,* CPLR 3126; *Farrell v New York State Elec. & Gas Corp.,* 120 AD2d 778; *Town of E. Greenbush v Ashland Chem. Co.,* 99 AD2d 604).

We also reject defendants' claim that plaintiffs failed to adequately support their allegations of a serious injury under Insurance Law § 5102. While a plaintiff at trial "has the burden of establishing a prima facie case of 'serious injury' " *(Mulhauser v Wood,* 107 AD2d 1019, *appeal dismissed* 65 NY2d 637; *see, Licari v Elliott,* 57 NY2d 230, 237-240; *Pollard v Brown,* 127 AD2d 882, 883), on a motion for summary judgment, it is the defendant who has "the burden to make an evidentiary showing that [the] plaintiff has not sustained a serious injury as a matter of law" *(Mulhauser v Wood, supra,* at 1019). Here, defendants have failed to meet their burden. A review of their affidavits and documents submitted in support of their motion fails to substantiate their claims that plaintiffs did not sustain serious injuries *(see, Pollard v Brown, supra,* at 883; *Proper v Saunders,* 102 AD2d 907). No medical reports or expert opinions were provided to support defendants' allega-

tions *(cf., Kordana v Pomellito,* 121 AD2d 783, 785, *appeal dismissed* 68 NY2d 848; *Dwyer v Tracey,* 105 AD2d 476, 477). Therefore, plaintiffs had no obligation to go forward with evidence to support their claims and summary judgment on this basis was also properly denied *(see, Pollard v Brown, supra).*

As to the final ground urged by defendants to support their motion for summary judgment, i.e., the question of ownership of the taxicab, in our view there are questions of fact remaining on this issue. Accordingly, defendants were not entitled to summary judgment on this basis as well.

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.