■ BARBARA J. N. RUSSELL, Appellant, v THOMAS W. KNOP, Respondent. [609 NYS2d 740] —Judgment unanimously reversed

on the law without costs, motion denied and complaint reinstated. Memorandum: A judgment was entered after entry of the order appealed from. Because the judgment subsumed the prior order, the appeal is from the judgment, not the order (see, *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566). In the exercise of our discretion, we treat the notice of appeal as one taken from the judgment (see, CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

We further conclude that Supreme Court erred in granting defendant's motion for summary judgment on the ground that plaintiff failed to establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). To be entitled to summary judgment, defendant had the initial burden to make an evidentiary showing that plaintiff had not sustained a serious injury as a matter of law (see, *Mulhauser v Wood,* 107 AD2d 1019, *appeal dismissed* 65 NY2d 637). Plaintiff alleged that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) because she sustained a "a medically determined injury * * * which prevent[d] [her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury". Defendant's submissions failed to allege that plaintiff could perform her usual and customary activities for 90 of the first 180 days following the accident. Moreover, although the affidavit of defendant's medical expert stated that plaintiff had fully recovered with no permanent disability from her cervical, dorsal and lumbar muscle strains and from the soft tissue injury to her left shoulder, it did not state that plaintiff did not sustain "a medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]). Because defendant failed to submit sufficient evidentiary proof to establish that plaintiff did not sustain a serious injury as a matter of law, defendant's motion for summary judgment should have been denied (see, *Mulhauser v Wood, supra*). (Appeal from Judgment of Supreme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.