■ PATRICIA A. VASQUEZ, Now Known as PATRICIA A. A'BRIAL, Respondent, v DAVID R. WEISS et al., Defendants, and JOHN G. SEKUL, Appellant. [650 NYS2d 60] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Vogt, J.H.O.), entered September 22, 1995 in Ulster County, upon a verdict rendered in favor of plaintiff.

Plaintiff was injured in an automobile accident in which her vehicle was struck twice from the rear. A jury found that plaintiff sustained a medically determined injury or impairment that prevented her from carrying out substantially all of her customary activities for 90 of the 180 days following the accident, awarded her $50,000 in damages and, in apportioning liability among the various defendants, determined that defendant John G. Sekul (hereinafter defendant) was 30% at fault. Defendant appeals from the ensuing judgment, contending that the evidence was insufficient, as a matter of law, to demonstrate that plaintiff suffered a serious injury (she claimed the accident precipitated injuries to her neck and back) within the meaning of Insurance Law § 5102 (d) (see, Insurance Law § 5104 [a]). We disagree and affirm.

Defendant maintains that, inasmuch as plaintiff returned to work approximately one month after the accident, it cannot be said that she was unable to perform substantially all of her usual daily activities for the requisite time period. While an injured party's diminished ability to perform the actual tasks comprising his or her regular employment may, in some circumstances, indicate that there has been no substantial curtailment of activity (*see, Gaddy v Eyler,* 79 NY2d 955, 958; *Licari v Elliott,* 57 NY2d 230, 239), the mere fact that plaintiff was able to return to work in some capacity is not necessarily fatal to her claim of serious injury (*see, Sole v Kurnik,* 119 AD2d 974, 975, *lv dismissed* 68 NY2d 806; *see also, Thomas v Drake,* 145 AD2d 687, 689). Here, the evidence established that plaintiff, who returned to work out of economic necessity, was not able to perform significant aspects of her job as a machine operator and was forced to rely on co-workers to assist her, and ultimately to accept a different position. Moreover, plaintiff's husband testified that despite these job accommodations, work left her exhausted at the end of the day and unable to do anything but lie down (*see, Sole v Kurnik, supra,* at 975).

There was also uncontradicted testimony that plaintiff's injuries interfered with her sleep and prevented her from carrying out many household functions and engaging in recreational and conjugal activities for six months after the accident. This testimony was consistent with that of plaintiff's treating chiropractor—the only medical expert to testify— whose opinion was premised, *inter alia,* upon his objective findings of injury, such as muscle spasms, trigger points and misalignment of the spine (*see, Stanavich v Pakenas,* 190 AD2d 184, 189 [Crew III, J., dissenting], *lv denied* 82 NY2d 659; *compare, Melino v Lauster,* 195 AD2d 653, 655, *affd* 82 NY2d 828; *Moreno v Roberts,* 161 AD2d 1099, 1100), and furnished ample medical basis for the jury's determination that plaintiff suffered a serious injury.

Cardona, P. J., Mikoll, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.