■ KIMBERLY L. ANDREWS, Respondent, v WILLIAM P. SLIMBAUGH et al., as Coexecutors of DONALD J. SLIMBAUGH,

---

Deceased, Appellants, et al., Defendant. [656 NYS2d 561] —Cardona, P. J. Appeal from an order of the Supreme Court (Monserrate, J.), entered August 27, 1996 in Broome County, which, *inter alia*, denied a motion by defendants William P. Slimbaugh and Mary S. Hannon for summary judgment dismissing the complaint against them.

On May 13, 1993, at approximately 1:30 P.M., plaintiff was stopped at a red light when her vehicle was struck from behind by a vehicle operated by defendant Cris W. Mullen, which was stopped directly behind plaintiff. Mullen's vehicle was pushed into plaintiff's car only after it was struck by a vehicle operated by Donald J. Slimbaugh (who has since died for reasons unrelated to this accident). Mullen estimated that Slimbaugh was traveling between 30 and 40 miles per hour at the time of impact. Although plaintiff did not receive medical treatment at the time of the accident, she did so several days thereafter. According to plaintiff, she was preliminarily told she had an inflammation of the left shoulder. When the pain persisted, she sought treatment from an orthopedic surgeon. Thereafter, plaintiff saw several other doctors and was eventually diagnosed as suffering from left thoracic outlet syndrome and was advised to stop working.

Plaintiff commenced this negligence action against the coexecutors of Slimbaugh's estate (hereinafter collectively referred to as defendants) and against Mullen. In her bill of particulars, plaintiff alleged that she sustained a "serious injury" within the definition of three of the categories contained in Insurance Law § 5102 (d), i.e., permanent loss of use of a body function, system or member, permanent consequential limitation of a body member and significant limitation of use of a body function or system. Defendants moved for summary judgment on the ground that plaintiff did not sustain a "serious injury" and Mullen cross-moved for summary judgment. Supreme Court granted Mullen's cross motion on the ground that there was no showing that Mullen was negligent. The court, however, denied defendants' motion, finding that there existed triable issues of fact regarding plaintiff's injuries. Defendants appeal.*

We affirm. Assuming, without deciding, that defendants met their initial evidentiary burden of presenting evidence in admissible form sufficient to warrant a finding that plaintiff had not sustained a serious injury as a matter of law (*see, Lawyer v Albany OK Cab Co.*, 142 AD2d 871, 872), we nevertheless find that plaintiff opposed the motion with adequate

---

* The dismissal of the suit with respect to Mullen is not disputed by defendants.

proof that she sustained a serious injury upon each of the grounds asserted (*see, Iscovitch-Bero v Chase*, 221 AD2d 847, 848). It is well settled that serious injury must be demonstrated through objective medical findings and not merely subjective complaints of pain (*see, Scheer v Koubek*, 70 NY2d 678, 679).

In that regard, plaintiff submitted the affidavit of Allen Togut, a doctor specializing in thoracic surgery. Togut concluded that plaintiff suffers from left thoracic outlet syndrome with compression of the medial cord of the brachial plexus caused primarily by the motor vehicle accident. Togut reported that his conclusions were the result of several tests, one in which he applied pressure to the nerves of the brachial plexus and had plaintiff perform certain motions permitting Togut to observe physical conditions which, in Togut's opinion, "recreate[d] the symptoms that she is complaining of". Togut also stated that plaintiff "suffers from a left anterior scalene, as well as a great deal of spasm in the trapezius muscles, all of which objective injuries are * * * directly related to the automobile accident that occurred". Togut specifically stated that his diagnosis of thoracic outlet syndrome was based on objective findings distinct from any findings relating to plaintiff's preexisting condition involving the presence of a cervical rib.

The report of James Thomas, an orthopedic consultant for defendants, confirmed the diagnosis of "[p]ossible left thoracic outlet syndrome" and suggested a diagnosis of "left shoulder trapezius sprain". Thomas noted some objective indicia of injury and found plaintiff to be partially disabled and limited in activities requiring the left upper extremity. He suggested possible surgical intervention. These conditions and injuries were judged, by Thomas, to be at least in part causally related to the accident. Given this proof, Supreme Court properly found that there were triable issues of fact concerning plaintiff's medical condition and the permanency thereof and, as such, the court did not err in denying defendants' summary judgment motion.

Mercure, Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.