■ JOHN C. NIGRO, Appellant, v GREGORY A. PENREE, SR., et al., Respondents. [661 NYS2d 137] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff appeals from an order that granted the motion of defendants for summary judgment dismissing the complaint. Supreme Court held that defendants met their burden of establishing that plaintiff had not suffered a serious injury as defined in Insurance Law § 5102 (d) and that plaintiff had failed to submit proof in admissible form to raise a triable issue of fact. Contrary to plaintiff's contention, defendants may establish entitlement to summary judgment by submitting plaintiff's deposition testimony and the medical reports and records of plaintiff that were supplied by plaintiff's counsel (*see, Lowe v Bennett,* 122 AD2d 728, *affd* 69 NY2d 700; *see also, Hochlerin v Tolins,* 186 AD2d 538; *Pagano v Kingsbury,* 182 AD2d 268, 271; *cf., Sole v Kurnik,* 119 AD2d 974, 974-975, *lv dismissed* 68 NY2d 806). We conclude, however, that

the evidence submitted by defendants fails to establish as a matter of law that plaintiff did not suffer a serious injury. In our view, the evidence submitted by defendants raises an issue of fact whether plaintiff sustained a medically determined injury that prevented him from performing substantially all the material acts that constitute his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see,* Insurance Law § 5102 [d]). At the time of the accident, plaintiff was employed as a tennis instructor and coach of the tennis team at Utica College. Plaintiff testified at a pretrial deposition that, although he returned to work two weeks after the accident, he was unable to perform his customary activities until more than six months after the accident. Plaintiff testified that, for more than 90 days after the accident, he could not play tennis, demonstrate strokes, hit the ball around with the students or even drive the team bus. Plaintiff testified that he was reduced to nothing more than a team "chaperone" during the fall tennis season. The medical records submitted by defendants dated more than 90 days after the accident note that plaintiff was still unable to perform the activities of his profession. The fact that plaintiff returned to work after two weeks is not dispositive of whether he could perform his usual and customary activities at work (*see, Thomas v Drake,* 145 AD2d 687, 689; *Sole v Kurnik, supra,* at 975). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.