■ DAVID NATHANSON, Respondent, v MOHAN DAVID et al., Appellants. [665 NYS2d 148] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Plaintiff seeks damages for injuries that he sustained in an automobile accident in November 1991. On this record, it cannot be determined as a matter of law whether plaintiff

sustained a serious injury within the meaning of Insurance Law § 5102 (d). Defendants met their initial burden by submitting the report of a neurologist who examined plaintiff in August 1995 and found that he had a full range of motion of the cervical spine. Plaintiff raised an issue of fact, however, based upon the affidavit of the chiropractor who treated him from December 1991 until October 1992. The chiropractor conducted several physical examinations during that period and measured significant restrictions in the flexion, extension and rotation of plaintiff's cervical spine. In his opinion, those injuries remained on the last day of treatment on October 16, 1992. Thus, "[o]nly after all the facts are developed upon the trial, including the duration of the limitation and the effect it had upon the plaintiff, can it be determined * * * whether the plaintiff suffered a significant limitation of use within the meaning of the No-Fault Law" (*Hayes v Riccardi*, 97 AD2d 954; *see, Parker v Defontaine-Stratton*, 231 AD2d 412; *Pareti v Giglietta*, 221 AD2d 607). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.