*305 OPINION OF THE COURT
Per Curiam.
Judgment entered December 13, 1996 reversed, with $30 costs, jury verdict reinstated, and matter remitted to Civil Court for the entry of an appropriate judgment.
Plaintiff commenced this action to recover damages for personal injuries allegedly sustained in an automobile accident when the defendant negligently proceeded through a stop sign. After trial, the jury found that plaintiff sustained a medically determined injury or impairment that prevented him from carrying out substantially all of his customary activities for 90 of the 180 days following the accident, awarded him $75,000 in damages, and determined that defendant was 70% at fault. Defendant moved to set aside the verdict, contending that plaintiff’s testimony that he returned to work within 76 days of the accident was “definitive” and precluded a finding of “serious injury” within the meaning of Insurance Law § 5102 (d). The trial court, without explanation, granted defendant’s motion to set aside the verdict and dismissed the complaint.
We reverse. The mere fact that an injured party is able to return to work in some capacity within 90 days of an automobile accident is not necessarily fatal to his or her claim of serious injury (see, Vasquez v Weiss, 234 AD2d 658, 659; Sole v Kurnik, 119 AD2d 974, 975, lv dismissed 68 NY2d 806). Here, the evidence established that although plaintiff returned to work out of economic necessity 76 days after the accident, he was initially placed on “restricted duty’ and was unable to perform significant aspects of his Transit Authority maintenance job for at least three weeks thereafter. (“I wasn’t allowed to mop, sweep or pick anything heavy up.”) Plaintiff also testified that during the 90/180-day statutory period his household and recreational activities were curtailed as a result of the accident. This testimony was consistent with that of plaintiffs treating orthopedic physician, whose opinion was premised upon his objective finding of a cervical bulging disc injury and provided sufficient medical basis for the jury’s determination that plaintiff suffered a serious injury (see, Sobha v Anthos Coat Co., 243 AD2d 704).
We conclude that the jury reached its verdict on a fair interpretation of the evidence and that in setting aside the verdict, the trial court usurped the jurys function (see, Ottavio v Moore, *306 141 AD2d 806, lv denied 73 NY2d 704; see also, Nicastro v Park, 113 AD2d 129).
Freedman, J. P., and Davis, J., concur.