■ CHRISTOPHER JUDD et al., Appellants, v HELEN A. WALTON et al., Respondents. [703 NYS2d 845] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of defendants Sharon E. Budd and Howard E. Budd and that part of the cross motion of defendants Helen A. Walton and Walter W. Walton seeking summary judgment dismissing the complaint on the ground that Christopher Judd (plaintiff) did not sustain a serious injury as defined in Insurance Law § 5102 (d). Defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (see, CPLR 3212 [b]; Ni-

gro v Penree, 238 AD2d 908, 908-909; *Russell v Knop*, 202 AD2d 959, 960). The evidence submitted by defendants fails to establish as a matter of law that the scars resulting from the surgical repair of the hernias allegedly caused by the accident do not constitute "significant disfigurement" (Insurance Law § 5102 [d]; *see, Cushing v Seemann*, 247 AD2d 891; *Matula v Clement*, 132 AD2d 739, *lv denied* 70 NY2d 610). In addition, the evidence submitted by defendants raises an issue of fact whether plaintiff sustained a medically determined injury that prevented him from performing substantially all the material acts that constitute his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see*, Insurance Law § 5102 [d]; *Nigro v Penree, supra*, at 909). Defendants submitted the deposition testimony of plaintiff that he was instructed not to carry anything heavier than a dinner plate for much of the statutory period, and the records of plaintiff's treating physician confirm that testimony. Thus, proof that plaintiff was able to return to work during the statutory period is not dispositive on the question whether he suffered a serious injury (*see, Nigro v Penree, supra*, at 909; *Cammarere v Villanova*, 166 AD2d 760, 761; *Sole v Kurnik*, 119 AD2d 974, 975, *lv dismissed* 68 NY2d 806), particularly in view of the proof that plaintiff was required to rely on assistants to carry all but the lightest objects for him (*see, Vasquez v Weiss*, 234 AD2d 658, 659). In addition, both plaintiffs testified that the injuries prevented plaintiff from performing his usual household duties, participating in recreational activities or engaging in sexual relations for more than three months following the accident (*see, Vasquez v Weiss, supra*, at 659; *Van De Bogart v Vanderpool*, 215 AD2d 915, 916). Thus, questions of fact remain whether plaintiff "suffered from a medically determined injury that curtailed [him] from performing [his] usual activities 'to a great extent rather than some slight curtailment' for the statutory period" (*Marszalek v Brown*, 247 AD2d 827, quoting *Licari v Elliott*, 57 NY2d 230, 236). We therefore modify the order by denying the motion, denying that part of the cross motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d) and reinstating the complaint. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.