■ JAMES J. BURKE et al., Appellants, v PORFIRIO TORRES, JR., et al., Respondents. [778 NYS2d 486]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered on or about October 15, 2003, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a police officer, asserts that he either missed work or was placed on limited or restricted duty for more than 90 days during the 180 days following the accident, and that such suffices to show a serious injury within the meaning of Insurance Law § 5102 (d) given a medically determined injury (citing *Baez v Goldman*, 180 Misc 2d 304 [App Term, 1st Dept 1999]). We disagree, at least in the absence of any documentation or affidavit from the Police Department substantiating plaintiff's time out of work and the specific nature of his duties both before and after the accident (*see Rum v Pam Transp.*, 250 AD2d 751 [1998]). Nor does an issue of fact exist as to whether plaintiff sustained a consequential or significant injury. Plaintiff's physician reports that in his most recent examinations some two years after the accident, plaintiff was "still suffering" and "experienc[ing]" "debilitating pain" in his lower back "upon performing normal, everyday activities such as sitting, standing and sleeping and . . . carry[ing] out his full duties as a police officer," and attributes this pain, and an associated unquantified loss of range of motion, to the "mild" and "small" bulging discs revealed by two MRIs taken six and 19 months after the accident. However, with respect to these examinations, the physician does not report his personal observations of plaintiff while sitting and standing, or identify the tests, if any, he performed to determine plaintiff's tolerance for pain while sitting and standing, or compare plaintiff's ability to sit and stand to the norm or the pain plaintiff feels to what he would feel were the bulging more severe or the discs herniated, and his affirmation is otherwise insufficient to raise an issue of fact as to the existence of a serious injury (*cf. Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). Concur—Tom, J.P., Saxe, Ellerin, Marlow and Catterson, JJ.