■ JULIEN M. DIEUJUSTE, JR., Respondent, v KISS MANAGEMENT CORPORATION et al., Appellants. (And Another Action.) [875 NYS2d 464]—

Order, Supreme Court, Bronx County (Sallie Manzanet-

Daniels, J.), entered September 8, 2008, which, insofar as appealed from, denied defendants-appellants' motion for summary judgment dismissing the complaint for lack of a serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to dismiss the claims alleging injury to the lumbar spine and a 90/180-day curtailment of plaintiff's activities, and otherwise affirmed, without costs.

An issue of fact as to whether plaintiff sustained a serious injury to his right wrist is raised by the affirmed reports of plaintiff's treating physician, who initially examined plaintiff 11 days after the accident and determined that the pain, tenderness, and limited range of motion and grip strength in plaintiff's right wrist, coupled with plaintiff's abnormal MRI showing several sprains and the absence of any preexisting injury, indicated that plaintiff had sustained significant injury to his right wrist as a result of the accident. Plaintiff's treating physician further concluded that, even though plaintiff showed some improvement in wrist extension and grip strength approximately eight months after the accident, further treatment would be only palliative in nature, the prognosis for a full recovery was guarded, and plaintiff's wrist injury was therefore permanent. Plaintiff's expert physician corroborated these findings, reporting that, nearly one year after the accident, plaintiff still exhibited significant limitations on all range of motion tests performed on his right wrist, and concluding that plaintiff demonstrated a 20% loss of use of his right arm, and that plaintiff's right wrist injuries are permanent in nature and will have a substantial qualitative effect on his life (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]).

Plaintiff, however, fails to raise an issue of fact as to whether he sustained a serious injury to his lumbar spine. While plaintiff's treating physician found that plaintiff exhibited pain and tenderness in his lumbar spine upon palpation and his range of motion in that area was slightly limited immediately after the accident, he also found that plaintiff's lumbar spine MRI was within normal limits and that, within six months after the accident, plaintiff's range of motion was almost completely normal. Clearly, any injury to plaintiff's lower back was minor or insignificant (see Licari v Elliott, 57 NY2d 230, 236 [1982]).

Nor is an issue of fact raised as to whether plaintiff sustained a 90/180-day injury by the conclusory statements in his expert's affirmation that his right wrist injury rendered him unable to perform substantially all of his usual daily activities during the seven-month period immediately following the accident and that plaintiff's treating physician maintained plaintiff on light

duty status from the time of the accident until at least five months later. It appears from plaintiff's deposition that he missed no time from work as a construction worker, and there is no evidence that plaintiff was unable to perform all significant aspects of his job (*see Ronda v Friendly Baptist Church*, 52 AD3d 440, 441 [2008]; *Lopez v Simpson*, 39 AD3d 420, 421 [2007]; *cf. Nigro v Penree*, 238 AD2d 908, 909 [1997]), or that his leisure activities were substantially curtailed (*see Nelson v Distant*, 308 AD3d 338, 340 [2003]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ.