■ VICTOR TEMPORARY SERVICES, a Division of VICTOR UNITED, INC., a Subsidiary of WALTER KIDDE, INC., Appellant, v BEVERLY-ANN SLATTERY, Respondent. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff Victor Temporary Services is engaged in the business of providing temporary secretarial and office help to businesses. Defendant was branch manager of plaintiff's Rochester office for approximately nine years and while so employed executed an agreement with her employer which provided that upon termination of her employment, she would not directly or indirectly for a period of one year after termination of the agreement engage in competition with her employer. Defendant voluntarily severed her employment with plaintiff as of April 10, 1981 and, approximately four months later, opened her own temporary employment business within three blocks of plaintiff. Defendant solicited businesses she had come to know and had previously dealt with while working for plaintiff. Although notified that her activities were in violation of the covenant not to compete, she continued to

engage in her temporary employment business. Plaintiff commenced this action seeking a declaration that defendant was in violation of the covenant and sought a permanent injunction enjoining her from engaging in the temporary employment business for the one-year period. Following pretrial discovery, defendant brought a motion for summary judgment to dismiss plaintiff's complaint on the basis that the covenant was unenforceable. Plaintiff cross-moved for summary judgment in its favor. Special Term summarily granted defendant's motion and denied plaintiff's cross motion. On this appeal, plaintiff contends that the covenant not to compete in issue is valid and enforceable, but that in any event, there are issues of fact which preclude summary judgment in favor of defendant.

Generally, restrictive covenants tending to prevent or limit an employee from pursuing a similar vocation after termination of employment are disfavored by the law (*American Broadcasting Cos. v Wolf*, 52 NY2d 394, 403-404; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, mot for rearg den 40 NY2d 918). On the other hand, "the courts must also recognize the legitimate interest an employer has in safeguarding that which has made his business successful and to protect himself against deliberate surreptitious commercial piracy" (*Reed, Roberts Assoc. v Strauman, supra,* p 308). A restrictive employment covenant will be subject to specific performance only if it is reasonably limited in time and geographic area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee (*Reed, Roberts Assoc. v Strauman, supra,* p 307). Restrictive covenants will be enforceable, however, to the extent necessary to prevent the disclosure or use of trade secrets or confidential customer information or where the employee's services are unique or extraordinary and the covenant is reasonable (*American Broadcasting Cos. v Wolf, supra* pp 403, 404; *Reed, Roberts Assoc. v Strauman, supra,* p 308; *Purchasing Assoc. v Weitz,* 13 NY2d 267, 272-274).

Defendant neither denies that she solicited plaintiff's customers nor does she argue that the covenant not to compete was unreasonable in time or area. Rather, she maintains that the covenant is unenforceable as a matter of law because there are no "trade secrets" or "confidential information" to be protected and her services were not "unique or extraordinary." Plaintiff asserts that defendant did make use of confidential information she acquired as plaintiff's branch manager and that in this business she was unique because of her close personal relationship fostered over the years in such a manner that "Plaintiff's

customers associated Defendant with Plaintiff." "customer relationship is a very important factor in determining whether the covenant will be supported by the courts" (*Service Systems Corp. v Harris,* 41 AD2d 20, 23). This presents triable issues of fact as to whether plaintiff should be considered a unique or extraordinary employee. Also, consideration must be given to determine the reasonableness of the covenant against competition and whether it imposes an unreasonable hardship upon the employee in pursuing a livelihood or putting to gainful use the skill and experience acquired. "Such concern for earning a living does not, however, immunize an employee from contractual restraints against capitalizing on [her] acquaintance with [her] former employer's customers or the favor [she] found with them" (*Bates Chevrolet Corp. v Haven Chevrolet,* 13 AD2d 27, 29, mod 16 AD2d 917, affd 13 NY2d 644). Plaintiff has shown that defendant had access "to certain confidential business information such as systems and procedures, buying patterns, customer lists and other matters exclusive to the Plaintiff" and also that she was "privy to certain confidential business information involving testing of personnel, which is the exclusive property of the Plaintiff, and trade secrets of considerable value, having been acquired and developed by the Plaintiff over years of experience." Since the key to deciding a summary judgment motion is issue finding rather than issue determination, the affidavits should be scrutinized carefully in the light most favorable to the party opposing the motion (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Palmerton v Envirogas, Inc.,* 80 AD2d 996, 997; *Goldstein v County of Monroe,* 77 AD2d 232, 236). "Any meaningful trade secret, through the use of which the second party might gain an unfair advantage which [she] might not have gained had [she] not been in possession of the trade secret, will be sufficient to render an otherwise reasonable restrictive covenant enforceable." (*Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398, 405).

Accordingly, Special Term erred in summarily granting defendant's motion. The order appealed from is modified to delete therefrom the decretal paragraphs granting defendant's motion for summary judgment and dismissing the complaint. (Appeal from order of Supreme Court, Monroe County, Patlow, J. — summary judgment.) Present — Callahan, J. P., Doerr, Denman, Boomer and O'Donnell, JJ.