■ ROCHESTER TELEPHONE MOBILE COMMUNICATIONS, INC., Appellant, v AUTO SOUND SYSTEMS, INC., Respondent.—Order and judgment unanimously reversed on the law with costs, motion denied and cross motion granted. Memorandum: Summary judgment was improperly granted to defendant on the main claim, and partial summary judgment should have been

granted to plaintiff. In his EBT testimony, defendant's president essentially admitted defendant's breach of several contractual provisions. Foremost among them was the provision precluding defendant from acting as representative or agent for any competitor of plaintiff for six months following termination of the contract. Defendant attempted to show that the contract with Genesee was entered into by a second entity incorporated for that purpose, but the record establishes that the second entity was a sham corporation. More importantly, incorporation of the second entity could not defeat plaintiff's contractual rights because the contract was binding upon defendant's "affiliates".

The record also demonstrates defendant's breach of various other provisions of the contract. Defendant's president admitted failing to return plaintiff's promotional materials, continuing to display plaintiff's logo in its store and in its advertisements, using plaintiff's proprietary and confidential materials, and soliciting plaintiff's subscribers on behalf of plaintiff's competitor, all in violation of defendant's fiduciary duties and confidentiality obligations under the contract.

Contrary to defendant's contention, the competition restriction contained in the agreement is enforceable. Its six-month duration is reasonable, as is its geographic coverage, which, by implication, is the five-county area surrounding Rochester. The noncompete provision is necessary to protect the legitimate business interests of plaintiff, and enforcement of the restrictive covenant would not undermine defendant's economic viability. Because the noncompetition restriction is enforceable, and because defendant violated various other contractual provisions that unquestionably are enforceable, plaintiff is entitled to partial summary judgment on its claim for breach of contract.

The court improperly granted summary judgment to defendant on its counterclaim. At the least, there are triable questions of fact concerning the amount of commissions, if any, due to defendant under the contractual formula. (Appeal from Order and Judgment of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.