■ PERFECT FIT GLOVE Co., Respondent, v DAVID G. POST et al., Appellants. [635 NYS2d 917] —Order unanimously affirmed

with costs. Memorandum: Supreme Court properly denied defendants' motion, brought pursuant to CPLR 3211 (a) (7), insofar as it sought dismissal of the second cause of action alleging that David G. Post breached his covenant to preserve the confidentiality of customer information, pricing policies and manufacturing processes. Although covenants that tend to prevent employees from pursuing similar employment upon termination or retirement are disfavored by the law *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Briskin v All Seasons Servs.,* 206 AD2d 906), reasonable restrictions related to the disclosure of trade secrets or confidential customer information will be enforced *(American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403-404; *Victor Temporary Servs. v Slattery,* 105 AD2d 1115, 1116). Assuming, as we must, the truth of the allegations in the complaint and statements in the affidavits submitted by plaintiff *(see, Leon v Martinez,* 84 NY2d 83, 87-88), we conclude that plaintiff has sufficiently alleged that its customer information, pricing policies, and manufacturing processes are not publicly known nor ascertainable from sources outside the company; that Post acquired knowledge of those confidences while employed with plaintiff; and that, while employed with plaintiff, Post misappropriated that information and used it to the benefit of a competitor of plaintiff in violation of the non-disclosure provision of his contract of employment *(see, Ward v Arcade Bldg. Maintenance,* 191 AD2d 368; *Rochester Tel. Mobile Communications v Auto Sound Sys.,* 182 AD2d 1119).

The court also properly denied defendants' motion insofar as it sought dismissal of the sixth cause of action alleging that Florida Glove, Inc., intentionally interfered with Post's employment relationship with plaintiff by inducing Post to violate the covenant restricting disclosure of confidential information acquired while working for plaintiff *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369).

Defendants concede that the remaining issue raised on appeal has been rendered moot by amendment of the complaint. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.