■ ROBERT ROBINSON, Respondent, v NORMAN P. SCHIAVONI, Appellant, and JAMES L. RICE, Respondent. [672 NYS2d 560] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the vehicle in which he was a passenger, owned and operated by defendant James L. Rice, was struck by a vehicle owned and operated by defendant Nor-

man P. Schiavoni, who failed to stop at a stop sign. After issue was joined and discovery completed, Rice moved for summary judgment dismissing the complaint and cross claim on the ground that he was not negligent as a matter of law. Plaintiff opposed the motion but, in the alternative, cross-moved for summary judgment against Schiavoni if Supreme Court granted Rice's motion. Schiavoni cross-moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as a matter of law. Rice joined in Schiavoni's cross motion. The court granted Rice's motion and plaintiff's cross motion and denied Schiavoni's cross motion.

The court erred in granting plaintiff's cross motion and in denying Schiavoni's cross motion. Plaintiff's bill of particulars alleges that plaintiff sustained a "[p]ermanent consequential limitation of use of a body organ or member", a "significant limitation of use of [a] body function or system", and a "medically determined injury or impairment of a non-permanent nature" that prevented him from performing his normal and customary daily activities for at least 90 days during the 180 days following the accident (Insurance Law § 5102 [d]). On appeal, plaintiff has abandoned his claim with respect to the first two categories. With respect to the third category, Schiavoni established his entitlement to judgment as a matter of law that plaintiff did not satisfy the 90/180 day criteria for serious injury by the submission of excerpts of plaintiff's deposition testimony and medical and hospital records and reports supplied by plaintiff's attorney (*see, Hodges v Jones,* 238 AD2d 962; *see also, Lowe v Bennett,* 122 AD2d 728, 729, *affd* 69 NY2d 700). Plaintiff failed in response to raise an issue of fact requiring a trial (*see, Lanuto v Constantine,* 192 AD2d 989, 990-991, *lv denied* 82 NY2d 654).

Plaintiff asserted for the first time in opposition to Schiavoni's cross motion that a laceration above his eyebrow constitutes a "significant disfigurement". That category of serious injury should not have been considered by the court because it is not alleged in the complaint or in the bill of particulars (*see, e.g., Melino v Lauster,* 195 AD2d 653, 656, *affd* 82 NY2d 828). Thus, we conclude that Schiavoni is entitled to summary judgment dismissing the complaint against him on the ground that plaintiff did not sustain a serious injury.

In view of our decision, we do not consider Schiavoni's further contention that the court erred in granting summary judgment to Rice, dismissing the complaint against him. Therefore, we modify the order by denying the cross motion of plaintiff

and granting the cross motion of Schiavoni, dismissing the complaint against him. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Balio and Boehm, JJ.