■ PETER J. SIRIANNO et al., Appellants, v NEW YORK RSA No. 3 CELLULAR PARTNERSHIP et al., Respondents. [727 NYS2d 568] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs appeal from an order that, *inter alia,* granted that part of defendants' motion seeking summary judgment dismissing the amended complaint. We conclude that Supreme Court erred in dismissing the first cause of action and in determining that the action is barred by the doctrine of laches. We otherwise conclude, however, that the court properly dismissed the remaining causes of action and denied that part of defendants' motion seeking costs.

Plaintiff Peter J. Sirianno owns a small airport, including a landing strip and two hangars, in the Town of Poland. Plaintiffs Richard Fiore and Earl Hoene own property adjacent to Sirianno's airport. In February 1997 the Town of Poland Zoning Board of Appeals (ZBA) granted defendants an area variance to section 410 of the Town of Poland Code (Town Code), which prohibits the construction of structures in excess of 2½ stories; the variance permitted defendants to build a 250-foot cellular telephone tower. Plaintiffs were unaware of the variance until the tower was built. They commenced the instant action on September 24, 1999, seeking, *inter alia,* a declaration that the variance is invalid because the height and location of the tower

violate Town Code § 810. Town Code § 810 (6) prohibits the construction of a tower over 150 feet in height within 6,000 feet of a runway "so as to constitute an obstruction or hazard to the operation of aircraft." The tower constructed by defendants is between 4,800 feet and 5,400 feet from the end of Sirianno's landing strip.

In the first cause of action, plaintiffs allege that the tower was erected in violation of Town of Poland Code § 810. Contrary to defendants' contention, the variance to Town Code § 410 does not by implication include a variance to section 810 (see, Town Code § 1103). We further reject defendants' contention that section 810 is preempted by Federal regulations with respect to Sirianno's privately owned airport; the airport was not registered with the Federal Aviation Administration (FAA) at the time defendants sought approval of the FAA to build the tower (see, 14 CFR 77.21 [a]).

In any event, even assuming, arguendo, that defendants established their entitlement to judgment as a matter of law with respect to the first cause of action, we conclude that plaintiffs raised an issue of fact whether the location of the tower creates a hazard with respect to the use of Sirianno's airport, in violation of Town Code § 810. It is well established that the function of the court on a motion for summary judgment is "issue finding rather than issue determination" (*Victor Temporary Servs. v Slattery,* 105 AD2d 1115, 1117). We therefore modify the order by denying defendants' motion in part and reinstating the first cause of action of the amended complaint.

The second cause of action, seeking a declaration that the variance is invalid, is time-barred. Contrary to plaintiff's contention, the six-year Statute of Limitations (see, CPLR 213 [1]) does not apply to that cause of action. We recognize that plaintiffs were unaware that the ZBA had granted a variance to defendants before the tower was built. However, as persons aggrieved by the decision to grant the variance, plaintiffs were required to commence a special proceeding against the ZBA to challenge the decision to grant the variance within 30 days of the filing of the decision in the office of the town clerk (see, Town Law § 267-c [1]). "[I]f the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 201, *rearg denied* 84 NY2d 865).

We have considered the remaining contentions of the parties, including plaintiffs' contentions concerning the dismissal of the remaining causes of action, and conclude that they are without merit. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.