■ PATRICIA WIEGAND, Respondent, v BARBARA G. SCHUNCK, Appellant. [741 NYS2d 360] —Appeal from an order and judgment (one document) of Supreme Court, Onondaga County (McCarthy, J.), entered April 2, 2001, which denied the motion of defendant for summary judgment and granted the cross motion of plaintiff for partial summary judgment.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the complaint is dismissed and the cross motion is denied.

Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant established that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and plaintiff failed to raise an issue of fact. Contrary to plaintiff's contention, defendant may establish her entitlement to summary judgment by submitting plaintiff's deposition testimony and the medical records provided by plaintiff's attorney (*see Lowe v Bennett,* 122 AD2d 728, 729, *affd* 69 NY2d 700; *Robinson v Schiavoni,* 249 AD2d 991, 992). Here, the evidence submitted by defendant refuted the allegations in the complaint as amplified by the bill of particulars with respect to the four categories of serious injury alleged (*cf. Rampello v Ferguson,* 280 AD2d 986).

Plaintiff alleged in her bill of particulars that she sustained a significant facial disfigurement. The photographs of plaintiff taken shortly after the accident reveal severe facial bruising. At her deposition, however, plaintiff admitted that the bruising subsided after a few weeks and all that remained was some swelling on her right cheek that was noticeable only to those acquainted with her. That testimony established that plaintiff did not sustain a significant disfigurement, i.e., a disfigurement that rendered her "unattractive, objectionable, or * * * the subject of pity or scorn" (*Zulawski v Zulawski,* 170 AD2d 979, 979; *see Cushing v Seemann,* 247 AD2d 891, 892).

Plaintiff further alleged in her bill of particulars that she sustained a "permanent consequential limitation of use of a body organ or member" (§ 5102 [d]). An injury under that category must be both permanent and consequential, i.e., "important or significant" (*Countermine v Galka,* 189 AD2d 1043, 1045). Plaintiff further alleged that she sustained a "significant

limitation of use of a body function or system" (§ 5102 [d]). Minor or slight limitations do not qualify as serious injuries under that category (*see Gaddy v Eyler,* 79 NY2d 955, 957).

Defendant established that plaintiff's injuries are minor, were preexisting, or have resolved and thus that plaintiff did not sustain a serious injury under either of those categories. Plaintiff's primary complaint is a shoulder injury, but defendant established that plaintiff did not complain of shoulder pain immediately following the accident, nor was she treated for a shoulder injury after the accident. She had been treated for a work-related shoulder injury several years before the accident but admitted that the condition had resolved. She did not complain of shoulder pain until two months after the accident, after she fell down some stairs and injured her shoulder. At that time, she told her examining physician that she was "okay" from the accident. Further, plaintiff did not indicate that she missed any time from work as a result of the shoulder pain. Thus, defendant established that plaintiff's shoulder pain was not related to the accident and was in any event insignificant.

Plaintiff also complained of headaches after the accident, which persisted for a few weeks. Plaintiff returned to work after two weeks, and she testified at her deposition that she has missed only occasional work days as a result of headaches during the three years since the accident and that she treats the headaches with over-the-counter medications. Thus, defendant established that plaintiff's headaches also are insignificant.

Finally, plaintiff alleged in her bill of particulars that she sustained an injury that prevented her from performing her customary activities for 90 out of the first 180 days following the accident. At her deposition, however, plaintiff admitted that she returned to work two weeks after the accident and has missed only occasional work days due to headaches. Plaintiff was unable to recall the number of work days that she missed in the first 180 days after the accident and gave no indication that any of her other usual activities were curtailed.

Once defendant met her initial burden on the motion, the burden shifted to plaintiff to raise an issue of fact whether she sustained a serious injury (*see Robinson,* 249 AD2d at 992). Plaintiff submitted the affirmation of a physician who examined her on one occasion two years earlier and stated that plaintiff had a 20% limitation of motion in her right shoulder. That affirmation is insufficient to raise an issue of fact because the physician did not state what objective tests, if any, he performed to arrive at his conclusion that she had a limited

range of motion (*see Lanza v Carlick,* 279 AD2d 613, 614), nor did he submit "any objective evidence of the extent or degree of the alleged physical limitations" resulting from the shoulder injury (*Sainte-Aime v Ho,* 274 AD2d 569, 570; *see Owen v Rapid Disposal Serv.,* 291 AD2d 782). Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.