■ AMANDA O'NEAL, Respondent, v MATT CANCILLA et al., Appellants. [741 NYS2d 815] —Appeal from an order of Supreme Court, Erie County (Rath, Jr., J.), entered September 10, 2001, which denied defendants' motion for summary judgment.

It is hereby Ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was injured when the van in which she was a passenger was rear-ended by a vehicle operated by defendant Matt Cancilla and owned by defendant Nanette Cancilla. Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff alleged in her bill of particulars that she sustained a medically determined injury or impairment of a nonpermanent nature that prevented her from performing substantially all of the material acts that constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see id.*). Defendants failed to meet their initial burden of establishing that there was no "objective medical evidence to support [plaintiff's] claim of serious injury" (*Brown v Wagg*, 280 AD2d 891, 891, *lv denied* 96 NY2d 711). Defendants relied on, inter alia, the medical notes of plaintiff's

treating physician, but those notes set forth objective medical evidence such as spasms and observations of actual, quantified limitations of motion (*see Nitti v Clerrico*, 291 AD2d 807; *Testa v Allen*, 289 AD2d 958). Contrary to defendants' further contention, the deposition testimony of plaintiff does not establish as a matter of law that she was not "curtailed from performing [her] usual activities to a great extent rather than some slight curtailment" for not less than 90 days during the 180 days immediately following the accident (*Licari v Elliott*, 57 NY2d 230, 236). Present—Pine, J.P., Hurlbutt, Burns, Gorski and Lawton, JJ.