■ JENNIFER U. TORNABENE, Respondent, v CANDICE A. PAWLEWSKI, Appellant. [758 NYS2d 593] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered August 7, 2002, which denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint with respect to the 90/180 category of serious injury and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order denying her motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) when defendant's vehicle struck her vehicle. Supreme Court properly denied the motion insofar as the complaint as amplified by the amended bill of particulars alleges that plaintiff sustained a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system. Defendant herself provided medical records that support those claims, and thus defendant failed to meet her initial burden with respect to those claims (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We conclude, however, that the court erred in denying the motion insofar as the complaint as amplified by the amended bill of particulars alleges that plaintiff was prevented from performing substantially all of the material acts that constitute her usual and customary daily activities for at least 90 of the 180 days immediately following the accident. Defendant established her entitlement to judgment as a matter of law in that respect, and plaintiff failed to raise an issue of fact. Although plaintiff established through her deposition testimony and the affidavit of her mother that her customary activities were "sufficiently

curtailed" (*Calucci v Baker,* 299 AD2d 897, 898 [2002]), the unsworn report of her treating chiropractor setting forth objective medical findings of her injuries is not in admissible form and thus is insufficient to raise an issue of fact (*see Butera v Woodhouse,* 267 AD2d 1039 [1999]). We therefore modify the order by granting the motion in part and dismissing the complaint with respect to the 90/180 category of serious injury. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.