■ KELLY A. WINSLOW et al., Respondents, v TIMOTHY E. CALLAGHAN, Appellant. [761 NYS2d 891] —Appeal from an order of Supreme Court, Niagara County (Sconiers, J.), entered August 13, 2002, which denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion in part and dismissing those parts of the complaint as amplified by the bill of particulars alleging that plaintiff Kelly A. Winslow sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint as amplified by the bill of particulars insofar as it alleges that Kelly A. Winslow (plaintiff) sustained a serious injury under the 90/180-day category set forth in Insurance Law § 5102 (d). Contrary to the contention of defendant, he did not meet his initial burden of establishing his entitlement to

judgment as a matter of law with respect to that category of serious injury (*see Temple v Doherty*, 301 AD2d 979, 982-983 [2003]). Indeed, defendant's submissions in support of the motion establish that plaintiff sustained a qualifying injury to her neck (*see generally Nitti v Clerrico,* 98 NY2d 345, 357 [2002]) and the deposition testimony fails to establish as a matter of law that plaintiff was not " 'curtailed from performing [her] usual activities to a great extent rather than some slight curtailment' " (*O'Neal v Cancilla*, 294 AD2d 921, 922 [2002], quoting *Licari v Elliott,* 57 NY2d 230, 236 [1982]).

The court erred, however, in denying that part of defendant's motion seeking summary judgment dismissing the complaint as amplified by the bill of particulars insofar as it alleges that plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d). Contrary to plaintiffs' contention, defendant established his entitlement to judgment as a matter of law with respect to those categories. Defendant submitted the affidavit of an expert who found no loss of range of motion due to the accident and a second expert's affidavit referring to plaintiff's limited rotation and flexion as nothing more than a "self-limiting entity." In response, plaintiffs failed to raise a triable issue of fact. Plaintiffs' expert diagnosed only a "mildly restricted" range of motion, which is insufficient to raise an issue of fact with respect to either relevant category of serious injury (*see Gaddy v Eyler,* 79 NY2d 955, 957 [1992]; *Calucci v Baker,* 299 AD2d 897 [2002]; *Mikl v Shufelt,* 285 AD2d 949, 950 [2001]). Moreover, plaintiffs' expert failed to make a "qualitative assessment of * * * plaintiff's condition" (*Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]). We thus modify the order by granting defendant's motion in part and dismissing those parts of the complaint as amplified by the bill of particulars alleging that plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d). Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.