BETSY BOWEN, Respondent, v THOMAS C. DUNN, Appellants, et al., Defendant. [762 NYS2d 465] —Appeal from an order of Supreme Court, Wyoming County (Dadd, J.), entered March 20, 2002, which denied the motion of defendants Thomas C. Dunn and Elizabeth Dunn seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendants Thomas C. Dunn and Elizabeth Dunn in part and dismissing the claim of serious injury under the significant limitation of use of a body function or system category under Insurance Law § 5102 (d) against them and as modified the order is affirmed without costs.

Memorandum: Although Supreme Court properly denied that part of the motion of Thomas C. Dunn and Elizabeth Dunn (defendants) seeking summary judgment dismissing the claim under the 90/180-day category of serious injury, it erred in denying that part of the motion seeking summary judgment dismissing the claim under the significant limitation of use of a body function or system category (see Insurance Law § 5102 [d]). With respect to plaintiff's claim of serious injury under the 90/180-day category, "the complaint as amplified by the bill of particulars" (Balnys v Town of New Baltimore, 160 AD2d 1136, 1136 [1990]) alleges a qualifying injury consisting of a "whiplash injury to [plaintiff's] cervical spine and [a] lumbosacral sprain/strain." Defendants' expert did not refute that allegation. Indeed, the only opinion expressed by defendants' expert relevant to the 90/180-day category indicates that the symptoms resulting from the accident may have taken as long as three months to resolve. As proponents of a motion seeking summary judgment, defendants bore the initial burden of "mak[ing] a prima facie showing of entitlement to judgment as

a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Defendants failed to meet that burden here with respect to the 90/180-day category of serious injury, and thus the court properly denied that part of their motion seeking summary judgment dismissing that claim, "regardless of the sufficiency of the opposing papers" (*id.*). Defendants' contention that plaintiff was not sufficiently curtailed from performing her usual activities for the minimum statutorily prescribed period is raised for the first time on appeal and thus is not properly before us (*see Wojtowicz v Dexter Terrace Elementary Schools [BOCES]*, 288 AD2d 915, 916 [2001]; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, the medical records submitted by defendants on their motion indicate that plaintiff was unable to return to work for more than 90 days after the accident, and thus that contention lacks merit.

With respect to plaintiff's claim of serious injury under the significant limitation of use category, however, defendants' proof was sufficient to shift the burden to plaintiff to submit " 'competent medical evidence based upon objective medical findings and diagnostic tests to support [her] claim' " (*Tankersley v Szesnat*, 235 AD2d 1010, 1012 [1997], quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150 [1995]). Plaintiff failed to meet that burden and thus the court erred in failing to grant that part of defendants' motion seeking summary judgment dismissing that claim (*see Winslow v Callaghan*, 306 AD2d 853 [2003]). We thus modify the order by granting defendants' motion in part and dismissing the claim of serious injury under the significant limitation of use of a body function or system category under Insurance Law § 5102 (d) against them. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.