■ Amy Dumont et al., Appellants, v D.L. Peterson Trust et al., Respondents. [762 NYS2d 743] —Appeal from an order of Supreme Court, Oswego County (McCarthy, J.), entered June 10, 2002, which granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendants' motion in part and reinstating the complaint with respect to plaintiff Martin Dumont and those parts of the complaint as amplified by the bill of particulars with respect to plaintiff Amy Dumont alleging that she sustained a significant limitation of use with respect to her neck, back and right arm, and that she sustained a medically determined injury or impairment under the 90/180 category of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the derivative causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced a personal injury action

seeking damages for injuries each allegedly sustained when a vehicle operated by defendant Evan Perrotta rear-ended a vehicle operated by plaintiff Amy Dumont in which her husband, plaintiff Martin Dumont, was a passenger. Defendants moved for summary judgment dismissing the complaint, alleging that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs appeal from an order granting defendants' motion.

We conclude that defendants failed to submit evidence in admissible form establishing their entitlement to judgment as a matter of law with respect to plaintiff husband, and thus Supreme Court erred in granting that part of defendants' motion with respect to him. In support of their motion with respect to plaintiff husband, defendants submitted an affidavit of their attorney, excerpts of the deposition testimony of plaintiff husband and unsworn medical records. The affidavit of defendants' attorney lacks evidentiary value (*see Joseph E.G. v East Irondequoit Cent. School Dist.,* 273 AD2d 835 [2000]), and the deposition testimony excerpts fail to establish as a matter of law that plaintiff husband did not sustain a serious injury (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). With respect to the unsworn medical records, the record establishes that plaintiffs' counsel provided defendants with authorizations to obtain medical records and that the medical records themselves were not provided by plaintiffs' counsel. Thus, defendants are not entitled to rely upon the unsworn medical records in support of their motion (*cf. Lowe v Bennett,* 122 AD2d 728, 728 [1986], *affd* 69 NY2d 700 [1986]; *Wiegand v Schunck,* 294 AD2d 839 [2002]; *Nigro v Penree,* 238 AD2d 908 [1997]; *Hodges v Jones,* 238 AD2d 962 [1997]).

In support of their motion with respect to plaintiff wife, defendants submitted, inter alia, the affidavit of their expert supported by plaintiff wife's medical records. We conclude that the court properly determined that defendants established as a matter of law that plaintiff wife did not sustain a serious injury with respect to the categories of significant disfigurement (*see generally Cushing v Seemann,* 247 AD2d 891, 892 [1998]), permanent loss of use, i.e., total loss of use, of a body organ, member, function or system (*see generally Oberly v Bangs Ambulance,* 96 NY2d 295, 299 [2001]; *Sewell v Kaplan,* 298 AD2d 840 [2001]), or permanent consequential limitation of use of a body organ or member (*see generally Gaddy v Eyler,* 79 NY2d 955, 957 [1992]), and plaintiffs failed to raise an issue of fact.

We further conclude that, although the court properly

determined that defendants met their initial burden with respect to plaintiffs' claims that plaintiff wife sustained a significant limitation of use with respect to her neck, back and right arm and a medically determined injury or impairment under the 90/180 category, the court erred in determining that plaintiffs failed to raise an issue of fact with respect to those claims. Plaintiffs presented evidence that, as a result of the accident, plaintiff wife sustained right cubital tunnel syndrome requiring surgery to release the entrapped ulnar nerve. As a result of the surgery, plaintiff wife was determined by her treating physician to be fully disabled for several months and then partially disabled until December 2000, at which time her treating physician determined that her elbow was at its "maximum medical improvement" and that her "problems were coming primarily from her neck and shoulders." She was also diagnosed with cervical radiculopathy at "C6/7/8" on the right side, a small central herniation at the C6-7 disc and bulging discs at C4-5 and C5-6. Plaintiffs also submitted the deposition testimony of plaintiff wife in which she testified that she has been unable to return to work following the accident and that she is unable to perform household chores or participate in recreational activities since the accident. "We cannot say that the alleged limitations of [her] back[,] neck [and arm] are so 'minor, mild or slight' as to be considered insignificant within the meaning of Insurance Law § 5102 (d)" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). Furthermore, the evidence is sufficient to raise an issue of fact whether the injuries "prevented [plaintiff wife] from performing substantially all the material acts that constitute her usual and customary daily activities for not less than 90 days during the 180 days following the accident" (*Pagels v P.V.S. Chems.*, 266 AD2d 819, 820 [1999]; *see generally Nitti v Clerrico*, 98 NY2d 345, 357 [2002]).

Thus, we modify the order by denying defendants' motion in part and reinstating the complaint with respect to plaintiff husband and those parts of the complaint as amplified by the bill of particulars with respect to plaintiff wife alleging that she sustained a significant limitation of use with respect to her neck, back and right arm, and that she sustained a medically determined injury or impairment under the 90/180 category of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the derivative causes of action. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.