■ BETTY VAIL, Respondent, v STEPHEN C. DELAMO et al., Appellants. [764 NYS2d 765] —Appeals from an amended order of Supreme Court, Erie County (Glownia, J.), entered August 14, 2002, which denied defendants' motions seeking summary judgment dismissing the complaint.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was injured when a vehicle owned and operated by defendant Joann Allen, in which plaintiff was a passenger, collided with a vehicle owned and operated by defendant Stephen C. Delamo. Supreme Court properly denied defendants' motions seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the 90/180 category of Insurance Law § 5102 (d) (*see Nitti v Clerrico*, 98 NY2d 345, 357 [2002]). Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised triable issues of fact precluding summary judgment. The affirmation and medical notes of plaintiff's treating physician establish that plaintiff demonstrated induration and spasm of the paraspinal muscles in both the cervical and lumbar areas of her spine. Moreover, plaintiff's physician noted "significant" and "marked" decreases in the range of motion of plaintiff's cervical spine throughout the course of plaintiff's treatment. In addition, a CT scan of plaintiff's cervical spine taken approximately five weeks after the accident showed a disc protrusion at C5-6, which plaintiff's physician attributed to the accident. Plaintiff's physician also noted that plaintiff's neck symptoms suggested an intermittent cervical radiculopathy, and he opined to a reasonable degree of medical certainty that, because the disc protrusion was in the area of the radiculopathy, the disc protrusion was the cause of some of plaintiff's symptoms. Plaintiff's physician also averred that he considered plaintiff disabled from all of her normal daily activities from the time he first

saw her on October 2, 1999, through February 4, 2000, and that he continues to treat plaintiff for persistent neck and back pain occasioned by the accident. Those submissions of plaintiff's treating physician constitute sufficient "objective medical evidence" to support the diagnosis of a qualifying serious injury (*id.* at 357; *see Sewell v Kaplan*, 298 AD2d 840, 841 [2001]; *O'Neal v Cancilla*, 294 AD2d 921, 921-922 [2002]; *see also Testa v Allen*, 289 AD2d 958, 958-959 [2001]) and, together with plaintiff's deposition testimony and affidavit, raise an issue of fact whether plaintiff's customary daily activities were sufficiently curtailed (*see generally Winslow v Callaghan*, 306 AD2d 853 [2003]; *O'Neal*, 294 AD2d at 922; *cf. Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]). Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.