■ DIANE M. TRIEGER et al., Respondents, v EDWARD KINSELLA, Appellant. [765 NYS2d 107] —Appeal from that part of an order of Supreme Court, Onondaga County (Major, J.), entered November 8, 2002, that denied in part defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it alleges that Diane M. Trieger (plaintiff) sustained a significant limitation of use of a body function or system when she developed Graves' disease as a result of the motor vehicle accident at issue. We conclude that defendant failed to meet his initial burden of establishing his entitlement to judgment as a matter of law. In support of his motion, defendant provided an affidavit of his attorney supported by an article regarding Graves' disease retrieved from the Internet, plaintiff's deposition testimony, and plaintiff's unsworn medical records and reports that defendant obtained through an authorization provided by plaintiffs' counsel. The Internet article and the affidavit of defendant's attorney lack evidentiary value, and plaintiff's deposition testimony fails to establish as a matter of law that plaintiff did not sustain a significant limitation of use of a body function or system (*see Dumont v Peterson*

*Trust,* 307 AD2d 709 [2003]). "With respect to the unsworn medical records [and reports], the record establishes that plaintiffs' counsel provided defendant[ ] with authorizations to obtain medical records [and reports] and that [those documents] themselves were not provided by plaintiffs' counsel. Thus, defendant[ ] [is] not entitled to rely upon the unsworn medical records [and reports] in support of [his] motion" (*id.* at 710; *cf. Lowe v Bennett,* 122 AD2d 728, 729 [1986], *affd* 69 NY2d 700 [1986]; *Wiegand v Schunck,* 294 AD2d 839 [2002]; *Nigro v Penree,* 238 AD2d 908 [1997]; *Hodges v Jones,* 238 AD2d 962 [1997]). In any event, contrary to defendant's contention, those medical records and reports fail to establish that plaintiff did not develop Graves' disease as a result of the accident, nor do they establish that plaintiff did not sustain a significant limitation of use of a body function or system as a result of that disease. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.