ELIZABETH A. COOK et al., Respondents, v GLORIA M. FRANZ et al., Appellants, et al., Defendant. [765 NYS2d 537] —Appeal from an order of Supreme Court, Ontario County (Bergin, J.), entered November 27, 2002, which denied the motion of defendants Gloria M. Franz and Jeffrey C. Franz for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Gloria M. Franz and Jeffrey C. Franz is dismissed.

Memorandum: Supreme Court should have granted the motion of Gloria M. Franz and Jeffrey C. Franz (defendants) for summary judgment dismissing the complaint against them on the ground that Elizabeth A. Cook (plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of their motion, defendants initially relied solely on unsworn medical records and reports that were not in admissible form (*see Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]). We are unable to discern from the record which, if any, of those records and reports were provided directly by plaintiffs' counsel, in which case they would be admissible, or whether they were obtained by defendants through the use of medical authorizations and thus would be inadmissible (*see Dumont v Peterson Trust*, 307 AD2d 709 [2003]; *Wiegand v Schunck,* 294 AD2d 839 [2002]). We conclude, however, that the submission by defendants of the affirmation of their examining physician making his previously submitted unsworn report a part thereof was timely and rendered that report admissible (*see Ilkhanizadeh v Axelrod*, 258 AD2d 441 [1999]). Defendants thereby met their initial burden on the motion by establishing as a matter of law that plaintiff did not sustain a permanent consequential

limitation of use of a body organ or member or a significant limitation of use of a body function or system. In opposition, plaintiffs failed to submit any evidence in admissible form (*see Tornabene v Pawlewski*, 305 AD2d 1025 [2003]; *see also Sandoro v Andzel,* 307 AD2d 706 [2003]; *Fisher v Ciarfella,* 300 AD2d 1028 [2002]) and, in any event, the medical information submitted by plaintiffs, even if deemed admissible, does not constitute the requisite "objective medical evidence" to raise a triable issue of fact whether plaintiff sustained a serious injury (*Brown v Wagg,* 280 AD2d 891, 891 [2001], *lv denied* 96 NY2d 711 [2001]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.