*919 Appeals from an order of Supreme Court, Allegany County (Euken, J.), entered October 9, 2002, which denied defendants’ motion and cross motion for summary judgment dismissing the first amended complaint.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant R.C. Billings, Inc. and dismissing the first amended complaint against it and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for allegedly serious injuries he sustained when the vehicle he was operating was rear-ended by a vehicle owned and operated by defendant Robert A. White. Plaintiff sued both White and defendant R.C. Billings, Inc. (Billings), a contractor on a paving project on the road where the accident occurred, alleging that Billings was negligent in failing to provide proper and adequate traffic control signs and flagpersons. Billings moved for summary judgment on the ground that none of its alleged acts or omissions was a proximate cause of the accident, and White cross-moved for summary judgment on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied both the motion and cross motion.
The court erred in denying the motion of Billings for summary judgment dismissing the first amended complaint against it. Billings met its initial burden on the motion by submitting the deposition testimony of White, which established that Billings did not proximately cause the accident. White testified that he maintained continuous visual contact with plaintiffs vehicle as it slowed to a stop in front of him until a piece of paper flew in front of his face and he glanced to see what it was. White then struck plaintiff’s vehicle, which was stopped behind another vehicle because of the road work. White further testified that, had he not been distracted by the piece of paper, he would have been able to stop before hitting plaintiffs vehicle. In opposition, plaintiff submitted proof that Billings was negligent in failing to provide adequate signáge and traffic control by flagpersons. That proof, however, does not address the issue of causation, and thus is insufficient to defeat Billings’ motion for *920 summary judgment (see Tucker v Coca-Cola Bottling Co. of Buffalo, 265 AD2d 819, 820-821 [1999]; Lugo v Brentwood Union Free School Dist., 212 AD2d 582, 583 [1995]; see also Mendez v Town of Islip, 307 AD2d 917 [2003]). A showing of negligence is not enough; there must also be proof that the negligence was a proximate cause of the event that produced the harm (see Sheehan v City of New York, 40 NY2d 496, 501 [1976]). We therefore modify the order by granting the motion of Billings and dismissing the first amended complaint against it.
The court properly denied, however, the cross motion of White for summary judgment dismissing the first amended complaint against him. White met his initial burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting the affirmation and report of the physician who performed a medical examination of plaintiff on behalf of White. That physician opined that plaintiff has no disability or medical restrictions that are causally related to the accident. In opposition, however, plaintiff submitted proof consisting of medical evidence containing objective medical findings and diagnostic tests indicating that plaintiff sustained a qualifying injury (see Tankersley v Szesnat, 235 AD2d 1010, 1012 [1997]), including physician reports, chiropractic records, two MRI reports, and an affirmation from his treating physician. That proof was sufficient to raise triable issues of fact whether plaintiff sustained a serious injury under the 90/180-day (see Dumont v Peterson Trust, 307 AD2d 709, 711 [2003]; Bowen v Dunn, 306 AD2d 929, 929-930 [2003]), significant limitation of use (see Parkhill v Cleary, 305 AD2d 1088, 1089 [2003]; Tornabene v Pawlewski, 305 AD2d 1025 [2003]; cf. Bowen, 306 AD2d at 930), and permanent consequential limitation of use (see Parkhill, 305 AD2d at 1089; Tornabene, 305 AD2d at 1025) categories of the statute (see Pittman v Rickard, 295 AD2d 1003, 1003-1004 [2002]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.