Appeal from that part of an order of Supreme Court, Onondaga County (Major, J.), entered August 28, 2002, that denied in part defendants’ motion seeking summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Supreme Court properly denied that part of defendants’ motion seeking summary judgment dismissing the claim of plaintiff that she sustained a serious injury under the significant limitation of use of a body function or system category of Insurance Law § 5102 (d). Plaintiff was allegedly injured in a motor vehicle accident when defendant George H. Crowell, an employee of defendant City of Syracuse Water Department, rear-ended her vehicle with a backhoe. In support of the motion, defendants submitted the affirmation of their attorney, which lacks evidentiary value (see Trieger v Kinsella, 309 AD2d 1223 [2003]); the deposition and General Municipal Law § 50-h hearing testimony of plaintiff, which fails to establish that she did not sustain a serious injury (see Dumont v Peterson Trust, 307 AD2d 709, 710 [2003]); unsworn medical records and reports; and a letter from the physician who conducted the independent medical exam (IME) of plaintiff. Even assuming, arguendo, that the unsworn medical reports and records were submitted to defendants by plaintiffs attorney and are therefore admissible (see Cook v Franz, 309 AD2d 1234 [2003]; Dumont, 307 AD2d at 710), we conclude that those records fail to establish that plaintiff did not sustain a significant limitation of use of a body function. The MRI report of the cervical spine indicates the presence of a protruding disc at C3-4 and bulging annuli at C4-5, C5-6 and C6-7, all of which either abut or displace the respective nerve roots. Although defendants failed to submit the IME report itself in support of their motion, the cover letter indicates that 30% of the injury to the lumbar spine *1007 is causally related to the accident that is the subject of this lawsuit. The letter further indicates that the examining physician could not state that the injury to the cervical spine predated the accident in question. Thus, defendants failed to establish their entitlement to judgment as a matter of law with respect to plaintiff’s significant limitation of use of a body function or system claim. Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.