STACEY SMITH, Appellant, v CITY OF SYRACUSE et al., Respondents. [768 NYS2d 921]—

Appeal from that part of an order of Supreme Court, Onondaga County (Major, J.), entered August 28, 2002, that granted in part defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in its entirety and the complaint is reinstated in its entirety.

Memorandum: Supreme Court erred in granting that part of defendants' motion seeking summary judgment dismissing the complaint to the extent that plaintiff alleges therein that she sustained a permanent consequential limitation of use of a body organ or member within the meaning of Insurance Law § 5102 (d). We previously determined on defendants' appeal from the

same order that defendants failed to establish their entitlement to summary judgment dismissing the complaint to the extent that plaintiff alleges therein that she sustained a significant limitation of use of a body function or system (*Smith v City of Syracuse,* 1 AD3d 1006 [2003]). For the same reasons as those set forth in our prior decision, we conclude that defendants also failed to establish their entitlement to summary judgment with respect to the permanent consequential limitation of use category of serious injury (*see id.*). Indeed, we note with respect to that category of serious injury that defendants' own expert stated that plaintiff "does have an element of permanency associated with her neck and lower back based on the available radiographic findings and the clinical examination."

We further conclude that the court erred in granting that part of defendants' motion with respect to the 90/180 category of serious injury. Although defendants met their initial burden with respect to that category, plaintiff raised an issue of fact by her deposition testimony and affidavit wherein she enumerated the household chores and child care duties that she was unable to perform following the accident at issue. She further stated therein that her ability to drive was severely curtailed because of the pain she experiences when she turns her head. We therefore conclude that plaintiff thereby raised an issue of fact whether her activities were "sufficiently curtailed for at least 90 out of the first 180 days following the accident" (*Calucci v Baker,* 299 AD2d 897, 898 [2002]). We further conclude that, by submitting the report of her treating physician, plaintiff provided the "requisite objective evidence of 'a medically determined injury or impairment of a non-permanent nature' . . . that . . . caused the alleged limitations on plaintiff's daily activities" (*id.*). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.