■ NORMAN ELMER, Plaintiff, and DONNA ZUREK, Appellant, v ADDAIE K. AMANKWAAH, Respondent. [769 NYS2d 419]—Appeal from an order of Supreme Court, Oneida County (Shaheen, J.), entered December 19, 2002, which granted defendant's motion for summary judgment in part and dismissed the second cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the second cause of action with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the

meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting that part of defendant's motion for summary judgment dismissing the complaint to the extent that plaintiffs allege therein that Donna Zurek (plaintiff) sustained a serious injury under the categories of permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system (*see* Insurance Law § 5102 [d]). Defendant's motion was not supported by medical evidence in admissible form with respect to those two categories and thus defendant failed to meet his initial burden (*see Trieger v Kinsella*, 309 AD2d 1223 [2003]; *Dumont v Peterson Trust*, 307 AD2d 709, 710 [2003]; *cf. Cook v Franz*, 309 AD2d 1234 [2003]). We further conclude, however, that the court properly granted that part of the motion with respect to the permanent loss of use of a body organ, member, function or system and 90/180 categories of serious injury. The deposition testimony of plaintiff submitted by defendant in support of the motion establishes both that she did not sustain a total loss of use of her cervical spine (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]) and that her usual and customary daily activities were not curtailed for the requisite period of time (*see generally Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]), and plaintiff failed to raise a triable issue of fact with respect to either category.

We therefore modify the order by denying the motion in part and reinstating the second cause of action with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.