■ PATRICIA PARTON et al., Respondents, v MICHAEL A. PISCITELLO, Appellant. [768 NYS2d 883]—

Appeal from that part of an order of Supreme Court, Erie County (Mintz, J.), entered October 7, 2002, that denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Patricia Parton (plaintiff) as a result of a motor vehicle accident with defendant. Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint with respect to the serious injury category of significant limitation of use of a body function or system (*see* Insurance Law § 5102 [d]). A significant limitation of use must be established by objective evidence and cannot be "a 'minor, mild or slight limitation of use' " (*Gaddy v Eyler*, 79 NY2d 955, 957 [1992]; *see also Lanuto v Constantine*, 192 AD2d 989, 991 [1993], *lv denied* 82 NY2d 654 [1993]). Here, defendant's own submissions in support of the motion establish that plaintiff sustained such an injury, and thus the burden never shifted to plaintiffs to raise an issue of fact in that respect (*see Cosovic v Term Leasing*, 234 AD2d 79, 80 [1996]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant submitted the medical records of plaintiff's treating physician indicating that, upon examination, plaintiff's lumbosacral spine revealed restrictions of extension at 50% of normal and side flexion at 50% of normal, and those identical findings were made by the examining physician for defendant's insurance carrier two years later. Because defendant's own submissions set forth actual quantified limitations of motion, defendant failed to establish his entitlement to judgment as a matter of law with respect to the significant limitation of use category of serious injury (*see O'Neal v Cancilla*, 294 AD2d 921, 921-922 [2002]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.