■ TANIA SARKIS, Appellant, v MARY F. GANDY et al., Respondents. [789 NYS2d 578]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered April 5, 2004. The order granted defendants' motion seeking summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for an allegedly serious injury sustained to her cervical spine as a result of an automobile accident. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants met their initial burden on the motion by submitting competent medical evidence establishing as a matter of law that plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Hoffman v Stechenfinger*, 4 AD3d 778, 779 [2004]; *Cook v Franz*, 309 AD2d 1234, 1234-1235 [2003]; *Winslow v Callaghan*, 306 AD2d 853, 854 [2003]). In opposition, plaintiff failed to raise a triable issue of fact concerning whether plaintiff sustained a serious injury (*see Cook*, 309 AD2d at 1235; *Winslow*, 306 AD2d at 854; *Brown v Wagg*, 280 AD2d 891 [2001], *lv denied* 96 NY2d 711 [2001]). Under the circumstances, the averments of plaintiff's treating chiropractor that plaintiff had a "10-15% limitation of the use of her upper trapezius area," and further that plaintiff's cervical sprain/strain and consequent limitations were "permanent in nature," are insufficient to defeat summary judgment. Those averments are conclusory and, in any event, are contradicted by the contemporaneous records of plaintiff's chiropractic treatment. Those records do not quantify any restriction in plaintiff's cervical range of motion and further indicate that such range of motion was only "mildly restricted" following the accident, a qualification that is insufficient to support the claim (*see Gaddy v Eyler*, 79 NY2d 955, 957 [1992]; *Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). Further, those records show that plaintiff's "[c]ervical range of motion [was] full and pain[-]free in all six planes" during plaintiff's most recent chiropractic visit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.