■ ONA M. PATTON, Appellant, v MATUSICK, SPADAFORA & VERRASTRO, Respondent. (Appeal No. 1.) [792 NYS2d 885]—Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 6, 2004 in a legal malpractice action. The order granted plaintiff's motion for partial summary judgment in part and granted defendant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury.

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered April 2, 2004. The order granted that part of plaintiff's motion seeking leave to reargue and, upon reargument, adhered to the previous determination.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action alleging that defendant's failure to commence a timely personal injury action concerning a 1996 motor vehicle accident caused plaintiff to suffer damages. Plaintiff moved for partial summary judgment on liability and defendant cross-moved for summary judgment dismissing the complaint. Defendant did not dispute that it failed to commence the action in a timely manner. Rather, defendant contended that, because plaintiff did not suffer a serious injury in the motor vehicle accident, she would not have recovered in the personal injury action and therefore did not suffer any damages as a result of defendant's alleged malpractice (*see generally Oot v Arno*, 275 AD2d 1023, 1023-1024 [2000]). We conclude that Supreme Court erred in granting defendant's cross motion, and thus we modify the order accordingly.

In support of its cross motion, defendant submitted numerous unsworn and uncertified medical records. Those records may be divided into two categories: records detailing treatment provided before the 1996 accident and records detailing treatment provided after the 1996 accident. We need not determine whether the pre-accident records are in admissible form because the postaccident records were obtained from plaintiff's attorney and defendant may rely upon them in support of its motion (*see Wiegand v Schunck*, 294 AD2d 839 [2002]; *cf. Grieco v Gozdziak*, 1 AD3d 954 [2003]; *Dumont v D.L. Peterson Trust*, 307 AD2d 709, 710 [2003]). Those postaccident records contain objective evidence that plaintiff suffered a serious injury and those records designate a percentage of loss of use of plaintiff's spine and a qualitative assessment comparing plaintiff's condition to the normal function, purpose and use of the spine (*see Toure v Avis*

*Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Thus, defendant did not meet its initial burden of showing entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). We reject defendant's contention that the opinions of specific medical experts should not be accorded weight because they failed to evaluate the impact of injuries sustained in a 1987 motor vehicle accident. "It is well established that the function of the court on a motion for summary judgment is 'issue finding rather than issue determination' " (*Sirianno v New York RSA No. 3 Cellular Partnership*, 284 AD2d 913, 914 [2001], quoting *Victor Temporary Servs. v Slattery*, 105 AD2d 1115, 1117 [1984]; *see Massie v Crawford*, 78 NY2d 516, 522 [1991], *rearg denied* 79 NY2d 978 [1992]; *Potter v Polozie*, 303 AD2d 943, 944 [2003]). Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.