*795 Appeal from an order of the Family Court, Genesee County (Eric R Adams, J.), entered April 6, 2009 in a proceeding pursuant to Domestic Relations Law § 112-b. The order, inter alia, directed that petitioner would be permitted certain visitation.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, and the matter is remitted to Family Court, Genesee County, for further proceedings on the petition.
Memorandum: Petitioner, the birth mother of the infant who was adopted by respondents, commenced this proceeding seeking to enforce the terms of the visitation agreement (agreement) that she entered into with respondents at the time she surrendered her parental rights. According to petitioner, respondents were required pursuant to the terms of the agreement to pay for her travel and housing expenses because they had relocated over 250 miles from the location of petitioner’s residence at the time of the adoption, and they were refusing to do so. The terms of the agreement allowed petitioner to visit the infant once a month for a six-hour period and it further provided that, in the event that respondents relocated, petitioner would have to pay for her own transportation costs if the relocation was less than 250 miles from the location of her residence at the time of the adoption. If the relocation was more than 250 miles, however, respondents would be financially responsible for petitioner’s transportation and housing costs during visitation, and the visitation would occur “six times per year, with the visitation consisting of two six-hour visits over a two-day period.”
Petitioner thereafter moved for summary judgment on the petition. In support of her motion, she presented evidence that her trip would exceed 250 miles when traveling by bus, and she contended that when the parties entered into the agreement it was understood that she would be traveling by common carrier. In opposition, respondents asserted that the distance when traveling by car was less than 250 miles and that the 250-mile provision was included in the agreement because of the possibility that they would relocate to an area of New York State where one of the respondents had grown up and where several family members still resided. In deciding the motion, Family Court *796 determined that there was a combined means of public transportation that was less than 250 miles, although the court noted that there would be practical difficulties in using those combined means of public transportation in one day. The court thus directed that petitioner would be permitted two six-hour visits over a two-day period six times a year rather than one six-hour visit per month, despite its determination that the combined means of transportation rendered the distance less than 250 miles. This appeal by petitioner ensued.
“It is well established that the function of the court on a motion for summary judgment is ‘issue finding rather than issue determination’ ” (Sirianno v New York RSA No. 3 Cellular Partnership, 284 AD2d 913, 914 [2001]; see Patton v Matusick, Spadafora & Verrastro [appeal No. 2], 16 AD3d 1072, 1074 [2005]). In addition, it is equally well established that “[i]n the event that a contract is ambiguous, its interpretation is ... a matter for the court unless ‘determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence’ ” (Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 218 [2009], quoting Hartford Ace. & Indem. Co. v Wesolowski, 33 NY2d 169, 172 [1973]). Here, the court erred in its interpretation of the agreement, which is ambiguous to the extent that it does not provide for a method of computing the 250-mile provision. In computing the distance and concluding that there was a combined method of public transportation that would require petitioner to travel less than 250 miles, the court erred in relying on extrinsic evidence that was neither submitted by the parties nor included in the record on appeal. In addition, the court erred in altering the unambiguous visitation terms set forth in the agreement insofar as they concern the length and frequency of visitation. Although “[t]he interpretation of an unambiguous contractual provision is a function for the court” (id. [internal quotation marks omitted]), we conclude that the court erred in its interpretation by enforcing the visitation schedule that unambiguously applies only in the event that respondents’ relocation exceeds a distance of 250 miles, despite its determination that the distance of respondents’ relocation did not exceed 250 miles. We therefore reverse the order, deny petitioner’s motion in its entirety, and remit the matter to Family Court for further proceedings on the petition. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.